Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| SUSAN VÉLEZ ROSA<br><br>Recurrido<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE SAN JUAN y otros<br><br>Peticionarios | KLCE202300494 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2022CV07647 (804)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece ante nos el Municipio Autónomo de San Juan ("Municipio") y Óptima Seguros ("Óptima"), (en conjunto, "los Peticionarios"), mediante *Solicitud de Certiorari* presentado el 3 de mayo de 2023. Nos solicita que revoquemos la *Resolución* emitida el 31 de marzo de 2023, notificada el 3 de abril del mismo año, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Mediante esta, el foro *a quo* declaró *No Ha Lugar* la solicitud de desestimación presentada por los Peticionarios.

Por los fundamentos expuestos a continuación, **expedimos** el recurso de *certiorari* y **modificamos** la Resolución recurrida y así modificada, confirmamos.

### I.

El presente caso tiene su origen cuando el 24 de agosto de 2022, la señora Susan Vélez Rosa ("Sra. Vélez Rosa" o "Recurrida") instó una *Demanda* sobre daños y perjuicios contra los

Peticionarios.[1] Alegó, que el 8 de marzo de 2022 se encontraba caminando por la acera de la Avenida Ponce de León cuando tropezó con una rotura y/o desnivel de la acera, provocándole la pérdida del equilibrio y cayendo al suelo sobre su brazo derecho. Producto de dicha caída, sufrió una fractura en el codo derecho. Señaló que el Municipio fue negligente por haber permitido la rotura y/o desnivel en la acera, creando una condición peligrosa en la acera municipal bajo su control. Sostuvo que la omisión del Municipio ocasionó los daños que sufrió, los cuales estimó ascendían a $250,000.00. Además, solicitó que se impusiera a los Peticionarios costas y honorarios de abogado.

En respuesta, el 28 de noviembre de 2022, los Peticionarios presentaron *Contestación a Demanda*.[2] Mediante esta, alegaron que la carretera y la acera donde se alegaron ocurrieron los hechos son servidumbres de paso del Departamento de Transportación y Obras Públicas ("DTOP") y en virtud del *Código Municipal de Puerto Rico*, Ley Núm. 107 de 14 de agosto de 2020, 21 LPRA sec. 7001 *et seq.* ("Código Municipal"), el Municipio no responde por accidentes en carreteras pertenecientes al Estado. En la alternativa, arguyeron que la acera se encontraba en condiciones de razonable seguridad para los transeúntes y no existía ninguna condición de peligrosidad. De existir alguna condición peligrosa, esgrimieron que el Municipio no conocía ni tenía el deber de conocer la misma.

Como defensa afirmativa, los Peticionarios levantaron que la Ley Núm. 143 de 6 de septiembre de 2019, la cual enmendó la derogada *Ley de Municipios Autónomos*, Ley Núm. 81 de 40 de agosto de 1991, 21 LPRA sec. 4001, tuvo como fin proteger a los municipios de las reclamaciones de daños y perjuicios en casos donde los daños ocurran en propiedad del Gobierno Central. Añadió que los daños

---

[1] Apéndice *certiorari*, Anejo I, págs. 1-3.
[2] *Íd*, Anejo II, págs. 4-13.

que sufrió la Recurrida se debieron a su propia culpa o negligencia y/o de terceras personas, por lo que los Peticionarios no responden por los daños alegados en la *Demanda*.

Posteriormente, el 11 de marzo de 2023, los Peticionarios presentaron *Moción en Solicitud de Desestimación y/o Sentencia Sumaria*.[3] En síntesis, esbozaron que la Avenida Ponce de León, lugar donde se alega ocurrió el accidente, es una vía estatal. Añadieron que la Ley de Travesías, Ley Núm. 49 de 1 de diciembre de 1917, 9 LPRA sec. 13, ("Ley de Travesías") y la jurisprudencia interpretativa, han establecido que los municipios son responsables ante reclamaciones instadas por ciudadanos que sufran algún daño en las carreteras estatales. No obstante, el Código Municipal, *supra,* prohíbe expresamente que los municipios sean demandados en daños y perjuicios por accidentes suscitados en las aceras de carreteras estatales. Sostuvo que el Código Municipal, *supra*, tuvo el efecto de derogar tácitamente a la Ley de Travesías, *supra*, por lo que procede que se desestime la reclamación en su contra.

Así las cosas, el 20 de marzo de 2023, se celebró la Conferencia Inicial. Surge de la *Minuta*,[4] que las partes establecieron que no existía controversia en torno a que la **Avenida Ponce de León es una carretera estatal**. Sin embargo, el foro primario estableció que aguardaría para emitir su determinación a que la Recurrida presentara su oposición a la solicitud de desestimación.

Por su parte, el 30 de marzo de 2023, la Sra. Vélez Rosa presentó *Oposición a Moción de Desestimación y/o Sentencia Sumaria*.[5] Por virtud de esta, expresó que no procedía la desestimación sumaria del pleito, puesto que los Peticionarios **no habían podido demostrar que la acera de la Avenida Ponce de**

---

[3] *Íd,* Anejo III, págs. 14-81.
[4] *Íd,* Anejo V, págs. 83-84.
[5] *Íd,* Anejo VI, págs. 85-146.

**León es una estatal**, ni que el Código Municipal, *supra,* derogó la Ley de Travesías, *supra.* En específico, señaló que los Peticionarios acompañaron con su petición de desestimación una declaración jurada que carece de todo valor probatorio para demostrar que la acera de la Avenida Ponce de León es estatal. Añadió que existe reglamentación vigente que reconoce la autoridad del Municipio sobre las aceras en Santurce y su obligación de limpiar, reparar y mantener el ornato de estas.

Evaluados los argumentos presentados por cada parte, el 31 de marzo de 2022 y notificada el 3 de abril del mismo año, el foro *a quo* emitió *Resolución* en la que declaró *No Ha Lugar* la solicitud de desestimación presentada por la parte Peticionaria. Fundamentó su determinación en que el Artículo 1.053 del Código Municipal, *supra,* no impide la presentación de las alegaciones del caso de autos. En consecuencia, ordenó la continuación de los procedimientos.

Inconforme, el 3 de mayo de 2023, la parte Peticionaria acudió ante esta Curia y le imputó al foro primario la comisión del siguiente error:

> Erró el TPI al determinar que "el artículo 1.053 del Código Municipal de Puerto Rico no impide la presentación de las alegaciones [contra el Municipio] en este caso", ignorando y pasando por alto el mandato claro y expreso de la Asamblea Legislativa que le compele a desestimar acciones en daños y perjuicios que no están autorizadas.

En el recurso, los Peticionarios acompañaron su *Petición de Certiorari* con una *Moción Urgente en Solicitud de Orden en Auxilio de Jurisdicción,* en la que solicitó la paralización de los procedimientos ante el foro primario. El 4 de mayo de 2023, emitimos una *Resolución* en la cual declaramos *No Ha Lugar* el auxilio de jurisdicción de los Peticionarios. Asimismo, le concedimos un término de diez (10) días a la Recurrida para que presentara su posición. En cumplimiento con nuestra orden, el 12 de mayo de 2023, la Sra. Vélez Rosa compareció mediante *Memorando en*

*Cumplimiento de Orden y en Oposición a la Expedición del Auto de Certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### A. *Regla 10.2 de Procedimiento Civil*

La Regla 10.2 de Procedimiento Civil, *supra*, permite a la parte demandada solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v.*

*Resto Rodríguez,* 205 DPR 1043 (2020).[6] Esa solicitud deberá hacerse mediante una moción y basarse en uno de los fundamentos siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia en su diligenciamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. La notificación de esta moción interrumpe el término para presentar la alegación responsiva. *Íd.*

Para disponer adecuadamente de una moción de desestimación conforme a la precitada regla, el tribunal tiene la obligación de dar por ciertas y buenas todas las alegaciones fácticas de la demanda que hayan sido aseveradas de manera clara. *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811, 821 (2013). A su vez, las alegaciones hechas en la demanda hay que interpretarlas conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank,* 193 DPR 38, 49 (2015). Habrá de considerarse, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería,* 167 DPR 625, 649 (2006). También es importante tener presente que el propósito de las alegaciones es bosquejar "a grandes rasgos cuáles son las reclamaciones [contra la parte demandada para que] ésta pueda comparecer [a defenderse] si así lo desea". *Torres, Torres v. Torres et al,* 179 DPR 481, 501 (2010).

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, procedemos a resolver la controversia

---

[6] Citando a *Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569 (2001).

ante nuestra consideración. En el presente caso, el Municipio y Óptima nos invitan a que revoquemos la *Resolución* del foro primario la cual determinó no acoger una moción de desestimación presentada por los Peticionarios. Alegan que, el foro de instancia incidió al interpretar que la Ley de Travesía *supra*, no había sido derogada por el Código Municipal, *supra*, y por tanto correspondía la continuación de los procedimientos. Veamos.

Nuestro ordenamiento jurídico nos exige que a la hora de atender una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, los tribunales "están obligados a tomar como ciertos, y de la manera más favorable a la parte demandante, todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente". *Eagle Sec. Police, Inc. v. Dorado*, 211 DPR ___ (2023), 2023 TSPR 5 (2023), resuelto el 20 de enero de 2023. No obstante, aun tomando como ciertos todos los hechos provenientes de la demanda que motiva este caso, persiste **una controversia en cuanto a un hecho esencial para la adjudicación de la controversia ante nuestra consideración. Surge del expediente que no existe controversia en torno a que la Avenida Ponce de León es una carretera estatal. Sin embargo, persiste controversia en cuanto a quien ostenta la jurisdicción de la <u>acera</u>** donde se alega ocurrieron los daños. Siendo ello así, antes de haber realizado una adjudicación en los méritos del caso, particularmente en torno a la aplicabilidad de la Ley de Travesía, *supra* o el Código Municipal, *supra*, a la controversia ante nuestra consideración, le correspondía al foro primario determinar si el tramo de **la acera** donde se alega que la Sra. Vélez Rosa sufrió una caída, era de jurisdicción estatal o municipal. No surge de la determinación que aquí se impugna que el foro primario haya dilucidado quien ostenta el control y jurisdicción sobre la acera de la Avenida Ponce de León. Dicha determinación es fundamental para

la controversia que nos ocupa. En vista de lo anterior, el fundamento por el cual el foro primario declaró *No ha Lugar* la moción de desestimación de los Peticionarios es improcedente, en esta etapa, ante la existencia de la controversia sobre la titularidad de la acera de la Avenida Ponce de León.

Como corolario del análisis que antecede, colegimos expedir el auto de *certiorari* al amparo de la Regla 52.1 de Procedimiento Civil, *supra* y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, a los fines de modificar el fundamento emitido en la *Resolución* del 31 de marzo de 2023 del foro primario. Consecuentemente, le ordenamos al foro de instancia a que dilucide la jurisdicción o titularidad de la acera donde se alega que la Recurrida sufrió los daños que motivan su causa de acción. Es menester destacar que esta Curia no está adjudicando si es de aplicación la Ley de Travesías, *supra*, o el Código Municipal, *supra*, sino que nos circunscribimos a modificar el dictamen del foro primario a los fines de que se dilucide la titularidad del lugar donde ocurrieron los hechos que se alegan en la demanda.

**IV.**

Por los fundamentos expuestos a continuación, **expedimos** el recurso de *certiorari* y **modificamos** la *Resolución* recurrida y así modificada, confirmamos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones